# EXHIBIT A

```
COMP
PETER L. CHASEY, ESQ.
Nevada Bar No. 007650
CHASEY HONODEL
3295 N. Fort Apache Road, Suite 110
Las Vegas, Nevada 89129
(702) 233-0393
Attorneys for Plaintiff
JANET RAGGI
```

FILED
JUL 9  4 41 PM '08

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JANET RAGGI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; THE LAS VEGAS POLICE PROTECTIVE ASSOCIATION METRO, INC., a Nevada Not For Profit Corporation, DONALD LEMMONS, an individual; and DOES I through XXI, inclusive.<br><br>　　　　Defendants. | CASE NO.: A567118<br>DEPT. NO.: XX<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Janet Raggi, by and through her attorneys of record, the law firm Chasey Honodel, hereby complains and alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Janet Raggi is and at all times relevant herein was a female resident of Clark County in the State of Nevada employed by Defendant, Las Vegas Metropolitan Police Department.

2. Defendant, Las Vegas Metropolitan Police Department (hereinafter "LVMPD") is and at all times relevant herein was a political subdivision in Clark County in the State of Nevada.

3. Defendant, The Las Vegas Police Protective Association Metro, Inc. (hereinafter "LVPPA") is and at all times relevant herein was a Nevada Not for Profit Corporation licensed and doing business in Clark County in the State of Nevada.

1

4. Defendant Donald Lemmons is and at all times relevant herein was a resident of Clark County in the State of Nevada who used a screen name of "puhlamalu43" on the LVPPA forum website.

5. Defendants, DOES I through XX are individuals, corporations, entities, associations, and organizations whose true names, identities, and capacities are currently unknown to Plaintiff. DOES I through XX permitted, controlled, directed, managed, or were otherwise responsible for the tortious acts and/or omissions which caused injury and harm to Plaintiff. DOES I through XX negligently, recklessly, intentionally, or otherwise caused the injuries and damages incurred by Plaintiff and are legally liable and responsible for the circumstances alleged in this Complaint. Plaintiff will ask leave of this Court to substitute the true names for the DOES I through XX when the true names, identities, and capacities of such Defendants are discovered.

6. Defendant, DOE XXI is an individual known only by the screen name "sicwitit" who is a commissioned officer employed by LVMPD but whose true name and identity is currently unknown to Plaintiff. DOE XXI published false and private statements to third-persons which have harmed Plaintiff's reputation. DOE XXI is legally liable and responsible for harm incurred by Plaintiff as alleged in this Complaint. Plaintiff will ask leave of this Court to substitute the true name for the DOE XI when the true name, identity, and capacity of such Defendant is discovered.

7. Defendant, LVMPD is an employer as defined in 42 U.S.C. § 2000e(b) and Plaintiff, Janet Raggi, at all relevant times herein was an employee of Defendant, LVMPD as defined in 42 U.S.C. § 2000e(f).

8. On October 2, 2007, Plaintiff filed a Charge of Discrimination against LVMPD with the Nevada Equal Rights Commission (hereinafter NERC) and the Equal Employment Opportunity Commission (hereinafter EEOC).

9. On December 5, 2007, Plaintiff filed an Amended Charge of Discrimination against LVMPD with NERC and the EEOC.

10. On June 3, 2008, NERC and the EEOC issued a Right to Sue Letter to Plaintiff, less than 90 days before the filing of this Complaint.

## GENERAL FACTUAL ALLEGATIONS

11. On May 21, 1985, Plaintiff began employment with Defendant LVMPD.

12. In August 2006, Plaintiff was employed by Defendant LVMPD, as the only Senior Law Enforcement Support Technician (hereinafter "SrLEST") in the Detention Services Division, North Tower Bureau, C-Platoon.

13. At all relevant times, Plaintiff has complied with all rules and regulations as a non-commissioned employee of Defendant LVMPD.

14. In August 2006, the membership of Defendant LVPPA consisted of commissioned officers employed by LVMPD.

15. Defendant LVMPD authorized and instructed Defendant LVPPA to operate, host, and monitor a forum and bulletin board website (hereinafter "website") where commissioned officers were encouraged and permitted to publish and discuss matters of interest to officers employed by Defendant LVMPD.

16. Defendant LVMPD permitted commissioned officers and Defendant LVPPA members to access the website during work hours with Defendant LVMPD within their scope of employment.

17. Pursuant to Federal law, State law, common law, and internal policies, Defendant LVMPD owed a duty to Plaintiff to provide a workplace free from sexual discrimination and sexual harassment.

18. On August 21, 2006, Defendants published false, malicious, derogatory, and private statements about Plaintiff's body and her alleged criminal and sexual habits on the website. Some of those statements constitute libel per se.

////

////

3

19. In September 2006, Plaintiff informed Defendants of the harm being caused by the derogatory statements published about her on the forum website and Plaintiff requested Defendants take any necessary action to terminate publication of the derogatory and private statements about Plaintiff.

20. Defendant LVPPA refused to terminate publication and continued to publish the derogatory and private statements with knowledge and disregard for the harm being caused to Plaintiff.

21. Defendant LVMPD refused to terminate the publication of the statements but caused the statements to be edited from "talking about her B— —BS hanging out" to "talking about her hanging out" and from "she needs to dress like professional day worker not night walker" to "she needs to dress like a professional day worker" which did not alter the derogatory and private nature of the statements.

22. Subsequent to Defendant LVMPD inconsequential edit of the derogatory and private statements, Plaintiff again requested Defendant LVMPD terminate the publication but Defendant LVMPD refused.

23. As a direct and proximate result of Defendants' acts and omissions, Plaintiff's terms and conditions of employment with Defendant LVMPD were adversely, severely, and pervasively affected by the derogatory statements published on the forum website, including but not limited to:

(A) Commissioned officers congregated near Plaintiff's desk to discuss and stare at Plaintiff,

(B) Plaintiff was falsely given a reputation as sexually promiscuous,

(C) Commissioned officers were emboldened to make repeated and unwanted verbally abusive sexual comments to Plaintiff, and

(D) Commissioned officers were emboldened to make repeated and unwanted physical sexual advances toward Plaintiff.

24. Defendants and all of them acted with oppression, fraud or malice.

////

25. Defendant LVMPD and Defendant LVPPA, by and through their managerial agents and other responsible officials, ratified and authorized the oppression, fraud, and malice by their employees.

## FIRST CAUSE OF ACTION
### Defamation against all Defendants

26. Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 25.

27. Defendants have published false and derogatory comments about Plaintiff to third persons which have harmed Plaintiff's reputation.

28. Defendants have published false statements accusing Plaintiff of committing crimes and immoral acts which statements constitute libel per se.

29. As a direct and proximate cause of Defendants' defamation, Plaintiff is entitled to compensatory damages in excess of $10,000 to be proved at trial.

30. As a direct and proximate cause of Defendants' oppression, fraud, and malice, and Defendants' ratification and authorization of such oppression, fraud, and malice, Plaintiff is entitled to punitive and exemplary damages to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION
### Public Disclosure of Private Facts against all Defendants

31. Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 30.

32. Defendants publicly disclosed private facts regarding Plaintiff that are and would be objectionable and offensive to a reasonable person of ordinary sensibilities.

33. As a direct and proximate cause of Defendants' public disclosure of private facts, Plaintiff is entitled to compensatory damages in excess of $10,000 to be proved at trial.

34. As a direct and proximate cause of Defendants' oppression, fraud, and malice, and Defendants' ratification and authorization of such oppression, fraud, and malice, Plaintiff is entitled to punitive and exemplary damages to punish and make an example of Defendants.

////

## THIRD CAUSE OF ACTION
### False Light against all Defendants

35. Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 34.

36. Defendants have portrayed Plaintiff to the public in a false light.

37. Defendants' portrayal of Plaintiff is false and would be highly objectionable and offensive to a reasonable person of ordinary sensibilities.

38. Defendants' portrayal of Plaintiff in a false light was done intentionally and with conscious disregard for the falsity of the portrayal.

39. As a direct and proximate cause of Defendants' public disclosure of private facts, Plaintiff is entitled to compensatory damages in excess of $10,000 to be proved at trial.

40. As a direct and proximate cause of Defendants' oppression, fraud, and malice, and Defendants' ratification and authorization of such oppression, fraud, and malice, Plaintiff is entitled to punitive and exemplary damages to punish and make an example of Defendants.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress against all Defendants

41. Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 40.

42. Defendants' acts and omissions are and have been extreme and outrageous.

43. Defendants' acts and omissions were committed with the intention of harming Plaintiff or with reckless disregard for whether the acts and omissions would harm her.

44. As a direct and proximate cause of Defendants' intentional infliction of emotional distress, Plaintiff is entitled to compensatory damages in excess of $10,000 to be proved at trial.

45. As a direct and proximate cause of Defendants' oppression, fraud, and malice, and Defendants' ratification and authorization of such oppression, fraud, and malice, Plaintiff is entitled to punitive and exemplary damages to punish and make an example of Defendants.

////

////

## FIFTH CAUSE OF ACTION
### Sexual Discrimination against LVMPD

46. Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 45.

47. Plaintiff is a female and belongs to a protected class of persons protected by Title VII of the United States Code which prohibits discrimination against employees on the basis of their gender.

48. Plaintiff was performing according to Defendant LVMPD's legitimate expectations.

49. Plaintiff suffered adverse employment action as a result of Defendant LVMPD's refusal and failure to terminate the publication of derogatory statements about Plaintiff on the forum website.

50. Defendant LVMPD's refusal to terminate the publication of derogatory statements about Plaintiff was substantially based on Plaintiff's gender.

51. Defendant LVMPD's policy for terminating publication of derogatory statements has an unequal impact on women as compared to men.

52. Defendant LVMPD has not permitted publication of derogatory statements about similarly situated males.

53. Defendant LVMPD's refusal to terminate the publication of derogatory statements about Plaintiff constitutes an offensive and impermissible discrimination on the basis of gender.

54. As a direct and proximate cause of Defendant's sexual discrimination, Plaintiff is entitled to compensatory damages in excess of $10,000 to be proved at trial.

55. As a direct and proximate cause of Defendant's oppression, fraud, and malice, Plaintiff is entitled to punitive and exemplary damages to punish and make an example of Defendant LVMPD.

## SIXTH CAUSE OF ACTION
### Sexual Harassment against LVMPD

56. Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 55.

57. Plaintiff is a female and belongs to a protected class of persons protected by Title VII of the United States Code which prohibits harassment against employees on the basis of their gender.

////

58. Defendant subjected Plaintiff to unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature.

59. Defendant's sexual harassment of Plaintiff was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment.

60. As a direct and proximate cause of Defendant's sexual harassment, Plaintiff is entitled to compensatory damages from Defendant LVMPD.

61. As a direct and proximate cause of Defendant's outrageous, oppressive and malicious acts, Plaintiff is entitled to punitive and exemplary damages to punish and make an example of Defendant LVMPD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANET RAGGI respectfully prays for relief and judgment as follows:

A. For trial by jury,

B. For compensatory damages to be proved at trial,

C. For punitive damages against each Defendant in an amount sufficient to punish and make an example of their misconduct,

D. For reasonable attorneys' fees, costs, and interest as permitted by law,

E. For such other and further relief this Court deems just and proper.

Dated this 8TH day of July, 2008.

CHASEY HONODEL

PETER L. CHASEY, ESQ.
Nevada Bar No. 007650
3295 N. Fort Apache Road, Suite 110
Las Vegas, Nevada 89129
(702) 233-0393
*Attorneys for Plaintiff*
JANET RAGGI

8

## VERIFICATION

I, Janet Raggi, hereby swear and verify I have read the foregoing Verified Complaint, know the contents thereof, and attest to the truth of the matters set forth herein, except for those allegations made upon information and belief and as to those allegations I believe them to be true and accurate.

Dated this 8th day of July, 2008.

Janet Raggi

Subscribed to and Sworn to before me this 8th day of July, 2008.

_____
Notary Public in and for State of
Nevada and County of Clark

SHANNON BERNOSKY
Notary Public, State of Nevada
Appointment No. 06-107353-1
My Appt. Expires Apr. 28, 2010

9