1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JANET RAGGI,

          Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT, et al.,

          Defendants.

2:08-CV-943 JCM (PAL)

Date:       N/A
Time:      N/A

**ORDER**

Presently before the court are plaintiff's motion for relief from the order granting Las Vegas Police Protective Association's ("LVPPA") motion for summary judgment, defendant's opposition, and plaintiff's reply. (Docs. #45, #46, #47.) On December 22, 2008, defendant LVPPA filed a motion to dismiss plaintiff's first, second, third, and fourth claims for relief. (Doc. #36.) On January 9, 2009, the parties stipulated to an extension of plaintiff's deadline to respond to this motion as part of a stipulation to extend discovery deadlines. As a result of a docketing error, the motion deadlines were not reset for this court and, on February 6, 2009, this court granted defendant LVPPA's motion for summary judgment. (Doc. #41.)

Plaintiff now asks this court for relief from this court's order under Fed. R. Civ. P. 60. Rule 60(a) allows a court to correct a mistake arising out of clerical mistakes, oversights, or omissions. Subpart (b) of the same rule allows a court to grant relief from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise . . . or for any other reason that justifies relief." Because

1   this court's order was issued prematurely, there is good cause to reevaluate the arguments in support

2   of and in opposition to defendant's motion.  Plaintiff filed her opposition on February 6, 2009; thus,

3   defendant's motion is now properly before the court.

4         This court originally granted summary judgment for LVPPA 1) because no principal-agent

5   relationship existed between LVPPA and the two individuals who posted offensive content on the

6   LVPPA online bulletin board, and 2) because LVPPA is entitled to immunity from suit under 47

7   U.S.C. § 230(c)(1) based on its status as an interactive computer service.  Plaintiff's opposition to

8   defendant's motion does nothing to undermine the bases of the court's ruling.  In fact, plaintiff

9   admits that the people who originally provided the content she complains of were LVPPA members

10   who were not officers, agents, or employees of LVPPA.  (Doc. #42 at 3.)  Plaintiff further admits

11   that "members can post on the LVPPA website without passing through any screening process."

12   (Doc. #42 at 4.)

13         Plaintiff's sole argument in opposition is that LVPPA is not entitled to immunity under 47

14   U.S.C. § 230(c)(1) because the members who allegedly posted offensive comments were involved

15   in union activity at the time of the posting.  Plaintiff relies upon *Knowles v. Gwynn*, 163 S.E. 2d 727

16   (Ga. 1968), to support her claim that a principal-agent relationship can be created if a union member

17   commits a tort while acting in the scope of union business.  While such liability might exist on

18   another set of facts, there is no evidence to support such a claim in this case.  In *Knowles*, a union

19   member caused an automobile collision for the sole purpose of intimidating the plaintiff after he

20   crossed a union picket line.  Here there is no evidence that the two individuals who allegedly posted

21   offensive material were acting on behalf of the union when they did so.

22         Based on the parties' arguments and a review of the case file, this court believes the case law

23   previously cited is controlling.  Under *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003), a

24   principal can be liable for ratifying an unauthorized tort only if a principal-agent relationship existed

25   at the time of the tort.  Here, it is clear that the posters were not acting as agents of LVPPA.  And,

26   under *Batzel* and *Carafano v, Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003), LVPPA

27   cannot be liable for the offensive comments because it played no role in the creation of that particular

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  forum content.

2      Accordingly,

3      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion for relief

4  from this court's February 6, 2009 order (Doc. #45) be, and the same hereby is, DENIED.

5      DATED this 10th day of March, 2009.

6

7                            *James C. Mahan*

                       **UNITED STATES DISTRICT JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

                                                  - 3 -